**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2925
_____

CUI HUA LI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-813-593)
Immigration Judge:  Honorable Dorothy A. Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 22, 2013
Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: May 23, 2013)
_____

OPINION
_____

PER CURIAM

        Cui Hua Li ("Li") petitions for review of the Board of Immigration Appeals'

("BIA" or "Board") dismissal of her appeal and denial of her motion to remand.  For the

following reasons, we will deny the petition for review.

I.

Li is a citizen of China from Fujian Province who entered the United States without inspection. In February 2008, she filed applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), alleging persecution under China's coercive population control policies. In particular, Li alleged that upon her return to China, she would be forcibly sterilized because she is the mother of two children born in the United States. Following a hearing, an Immigration Judge ("IJ") denied relief, determining that Li did not have an objectively reasonable fear that she would be forced to undergo sterilization if she returned to China. In June 2012, the BIA dismissed Li's appeal, noting that Li "did not meet her burden of establishing that she has a well-founded fear of persecution in China." The BIA also denied Li's motion for remand. This petition for review followed.[1]

II.

We review the BIA's order of removal, but we may look to the IJ's decision to the extent that the BIA affirmed her conclusions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). We review factual findings for substantial evidence. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). Under this standard, we must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We review the BIA's

---

[1] We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1).

2

denial of a motion to remand or to reopen for abuse of discretion only. See Huang v. Att'y Gen., 620 F.3d 372, 390 (3d Cir. 2010).

III.

**A.      Denial of Applications for Relief**

If an alien cannot establish past persecution, she must demonstrate a well-founded fear of future persecution to obtain asylum. See Chavarria v. Gonzalez, 446 F.3d 508, 515-16 (3d Cir. 2006) (citing 8 U.S.C. § 1101(a)(42)). To make this showing, an alien must "demonstrate a subjective fear that is supported by objective evidence that persecution is a reasonable possibility." Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008) (internal quotation marks and citation omitted). Li attempted to meet this burden by proving that she would be individually singled out for persecution. See Wong v. Att'y Gen., 539 F.3d 225, 232 (3d Cir. 2008).

Li first alleges that the BIA erred by assigning minimal weight to documents from two village committees stating that an individual like her would be sterilized upon return to China. The BIA questioned these documents because they were photocopies that did not identify the author, were not authenticated, and were obtained for purposes of the hearing. Li asserts that these documents "bear . . . indicia of reliability" in the form of an official stamp and that their "chain of custody" is established by her mother and mother-in-law's letters. However, the seals are nearly illegible, and the letters make no mention of mailing these village committee documents to Li. In these circumstances, it was permissible for the BIA to give the documents relatively little weight. See Chen v. Att'y

3

Gen., 676 F.3d 112, 117 (3d Cir. 2011); see also Lin v. Att'y Gen., 700 F.3d 683, 686-88 (3d Cir. 2012).

Li further asserts that the BIA should have given greater weight to her evidence concerning forced sterilizations performed on her family members and other women who returned to China after having children abroad. The BIA plausibly discounted the letters from Li's mother and her husband's aunts regarding their sterilizations because the women were not similarly situated to her; their children, unlike Li's, were not United States citizens. See Lin v. Holder, 620 F.3d 807, 810 (7th Cir. 2010). Li also submitted evidence from two women who claimed to be forcibly sterilized after returning to China with children born in Japan and Singapore; however, these women were also not similarly situated to Li. All in all, the BIA reasonably concluded that the evidence did not support Li's contention that her children would be counted against her under the applicable family planning policies. Indeed, Li conceded in her testimony that she did not personally know any women who were forcibly sterilized after returning to China with children born in the United States.

Li further asserts that the agency ignored self-authenticating evidence from a Fujian government website. However, the Federal Rules of Evidence, which she cites, do not apply in asylum proceedings. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). Nevertheless, it was permissible for the BIA to give little weight to this evidence, as the website makes no mention of forcible sterilization.

Finally, Li argues that the BIA failed to consider her background evidence regarding quotas for forcible sterilizations and abortions in Chang Le City and Lianjiang County, as well as the local application of the family planning policy in other areas of Fujian Province. The Board discounted this evidence after determining that it was similar to evidence it addressed in Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), and Matter of J-H-S-, 24 I. & N. Dec. (BIA 2006). We agree with Li that much of this evidence post-dates those decisions. However, the BIA reasonably determined that this evidence did not concern current country conditions, did not relate to individuals similarly situated to Li, or did not relate to policies in Fujian Province. Notably, the Board reasonably concluded that the record as a whole reflects that physical coercion is uncommon and unsanctioned.

The 2007 United States Department of State Profile of Asylum Claims and Country Conditions for China ("2007 Profile") indicates that although China continues to enforce its family planning regulations, it does not use measures such as forcible sterilization on Chinese couples who return to China with two children born abroad. See Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. at 214. We have described Matter of H-L-H- & Z-Y-Z- as "comprehensive" and "persuasive," Chen, 676 F.3d at 114, and have noted its conclusion that "physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws and . . . the overall policy is much more heavily reliant on incentives and economic penalties," id. at 115 (internal quotation marks omitted). Indeed, much of the evidence Li submitted indicates that

5

physical coercion is uncommon and that Fujian's overall policy is more heavily reliant on economic incentives and penalties. See Zubeda v. Ashcroft, 333 F.3d 463, 478 (3d Cir. 2003) (noting that State Department reports are "the most appropriate and perhaps the best resource" regarding political situations). Although Li argued that she would face an onerous fine for violating family planning policies, the record supports the BIA's determination that Li had not shown that she would be unable to pay the fine and that enforcement of such fines in Fujian Province has been "lax" and "uneven." Given all this, the evidence in the record does not compel a conclusion that Li has an objectively reasonable fear of forcible sterilization.

## B. Denial of Motion to Remand

"The BIA treats a motion to remand for the purpose of submitting additional evidence in the same manner as motions to reopen the record." Huang, 620 F.3d at 389. Furthermore, a petitioner's motion to reopen must establish prima facie eligibility for asylum. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). This requires "the applicant to produce objective evidence showing a 'reasonable likelihood' that he can establish [that he is entitled to relief]." Id. (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)).

Li first alleges that the Board abused its discretion by failing to address her argument that neither the 2007 Profile nor the State Department's responses to her FOIA requests yielded any evidence of a law or policy barring coercion in Fujian. However, the BIA specifically mentioned that the response to her FOIA requests indicates that a

6

policy of coercion is still implemented in China. See Filja v. Gonzalez, 447 F.3d 241, 256 (3d Cir. 2006) (quoting Mansour v. INS, 230 F.3d 902, 908 (7th Cir. 2000) (internal quotations omitted)) (the BIA "is not required to 'write an exegesis on every contention.'").

Li further argues that the BIA erred by finding that several of the documents submitted in support of her motion related to localities other than hers and her husband's and by discounting her documents as "very generalized." We note, as an initial matter, that the Board correctly determined that several of these documents pre-dated Li's hearing before the IJ and therefore could have been presented then. See 8 U.S.C. § 1003.2(c)(1). Furthermore, while we agree that some of Li's exhibits provide details regarding family planning campaigns in Lianjiang County, Changle City, and Jin Feng, her husband's county, locality, and town, the Board reasonably determined that none of them supported Li's assertion that coercion rising to the level of persecution is employed against nationals who return to China with two or more children who are United States citizens.

Finally, we conclude that the BIA did not abuse its discretion when it rejected Li's argument that the 2007 Profile is not entitled to special deference because it was written by a contractor rather than the State Department. In support, Li submitted a FOIA request from "Richard Tarzia" and a reply letter from the State Department with enclosed documents showing that "Neil E. Silver" was paid to update the 2007 Profile by researching various types of asylum cases. However, the BIA reasonably concluded that

7

this evidence did not show that the State Department did not stand behind the work done for the 2007 Profile.

IV.

Based on a thorough review of the record, we conclude that Li failed to meet her burden of demonstrating an objectively reasonable possibility of sterilization should she return to China; the evidence in the record does not compel a conclusion contrary to that of the BIA. See Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). Because Li did not meet the standard for obtaining asylum, she also failed to satisfy the "higher burden of proof" required for withholding of removal. Chen, 676 F.3d at 117. Nor have we found any reason to disturb the BIA's denial of CAT relief. For the foregoing reasons, we will deny the petition for review.

8